IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORLANDO M. GUTIERREZ, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-549-X-BK |
| | § | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, ET AL., | § | |
| | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, Plaintiff Orlando M Gutierrez's action should be **DISMISSED WITHOUT PREJUDICE** on the basis of sanctions previously imposed against him.

I.   BACKGROUND

On March 9, 2021, Gutierrez filed this action against the Commissioner of the Social Security Administration, an unidentified customer service window worker, and a security claims specialist. Doc. 2. The complaint, which is difficult to decipher and nonsensical, asserts, *inter alia*, "inhumane, human rights, civil rights, extraordinary relief under liberty," Doc. 2 at 3, and "false reports, arrests, wrongful misrepresentations," Doc. 2 at 4. In identifying the facts underlying his claims, Gutierrez alleges that he is "challenged mentally to exist as chronic fatigue by medication as conditions from harm …." Doc. 2 at 7. Gutierrez also vaguely alleges due process and other constitutional violations. Doc. 2 at 6.

Gutierrez has filed at least 14 actions in this Court and many more in the District Court for the Western District of Texas, which has barred him "from filing any future civil actions in any federal court without first seeking leave of the Court in which he desires to file an action." *See Gutierrez v. Truskin*, No. 1:18-CV-703 (W.D. Tex. Oct. 29, 2018).

## II.   ANALYSIS

This Court "routinely honors sanctions imposed by other federal district courts in Texas against prisoner and non-prisoner vexatious litigants alike." *Drake v. Nordstrom Dep't Stores*, 3:18-CV-471-D-BN, 2018 WL 1399179, *2 (N.D. Tex. Mar. 1, 2018), *R. & R. accepted*, 2018 WL 1404320 (N.D. Tex. Mar. 19, 2018) (collecting cases and enforcing sanction order from the Eastern District of Texas against nonprisoner litigant); *see also* Misc. Ord. 48 (N.D. Tex.) (honoring sanctions imposed by other federal district courts in Texas against a prisoner litigant); *Roy v. Ass'n Comm. to Elect Rev. Dr. Kamal K. Roy*, No. 3:08-CV-327-N-AH, 2008 WL 1970945, at *2 (N.D. Tex. May 5, 2008) ("In cases involving litigious, non-prisoner pro se plaintiffs, the distinction between prisoner and non-prisoner litigants is one without a difference for Misc. Ord. 48 purposes.").

Because Gutierrez persists in filing frivolous actions, the Court should honor the sanction previously imposed against him in the Western District of Texas and also bar him from filing future actions *in forma pauperis* in this Court. *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v.*

*MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

### III. CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** on the basis of the sanction order imposed by the United States District Court for the Western District of Texas in cause number 1:18-CV-703.

Further, Gutierrez should be **BARRED** from filing any action *in forma pauperis* in this or any other federal court, and any case filed by him without payment of the applicable filing fee that is subsequently removed or transferred to this or any other federal court should be summarily dismissed.

**SO RECOMMENDED** on March 17, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).